# Village of Lockport v. Christoph Licht.

## Gen. No. 4,547.

1. CROSS-EXAMINATION—*latitude of, in examination of impeaching witness.* In cross-examining a court reporter who has been called for the purposes of showing statements given by a witness in a former trial,

Village of Lockport v. Licht.

it is proper upon cross-examination to permit him to testify to other questions put and answers given than those elicited for the purposes of impeachment, and this regardless of the counsel who asked such questions.

2. INSTRUCTIONS—*when errors in, cannot be complained of.* Errors in instructions cannot be complained of where like errors existed in the instructions given by the court at the instance of the complaining party.

Action on the case for personal injuries. Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the April term, 1905. Affirmed. Opinion filed October 25, 1905.

FRED W. WALTER and KNOX & AKIN, for appellant.

J. W. DOWNEY, for appellee.

MR. PRESIDING JUSTICE VICKERS delivered the opinion of the court.

This is an appeal from a judgment of the Will County Circuit Court in favor of appellee for $2,758, recovered for injuries sustained by appellee, caused by an accident while driving upon one of the public streets of the village of Lockport.

This case was before us at the October term, 1903, and a judgment for $4,000 was reversed for the errors set out in our former opinion which is found in volume 113, page 613, of the Appellate Court Reports. When the case was here before the principal facts were set out in our opinion, and we do not deem it necessary to restate them now. The most serious error and the principal grounds upon which the case was reversed on the former hearing was the failure of the evidence to show that appellee was in the exercise of reasonable care for his own safety in view of his knowledge of the dangerous condition of the street upon which he was driving. In the present record sufficient evidence is found upon this question to require the submission of it to the jury. This the trial court did, under instructions properly defining the degree of care required of appellee, in view of the known condition of the street.

It is assigned as error on the present record that the trial court permitted, over the objection of appellant, too much latitude in the cross-examination of the court reporter who was examined as to certain statements alleged to have been made by appellee on the former trial. When the case was tried first the street railway company was joined as a defendant with the village of Lockport. The two defendants were represented by different counsel, each of whom were permitted to cross-examine appellee. The court reporter was put upon the stand by appellant and examined as to certain statements made by appellee, in answer to counsel for appellant upon the former trial, and thereupon the court permitted appellee's counsel to cross-examine the reporter respecting the answers of appellee on the former trial, made in response to questions propounded by the attorneys representing the street railway company. The ruling of the court in permitting the court reporter to answer these questions is assigned as error. In this ruling we think the court is sustained by the law. When appellant put the court reporter upon the stand and asked him if appellee had not made certain statements in the trial of this case at the former term of court, it was entirely competent and proper to permit the reporter to answer any other questions relating to any other portions of appellee's testimony which were so connected with the answers relied upon as impeaching his present testimony, as to throw any light upon the answers given in response to appellant's questions. When appellant sought to put in evidence a portion of the statements made by appellee, it was then proper for appellee to put in any other portions of his testimony which would enable the jury correctly to weigh and understand the statements relied upon as tending to impeach the testimony given on the second trial. The fact that these answers were made in response to questions put by attorneys representing the other defendant, could make no difference. It was the same case and the evidence related to the same transaction. The law will not permit a party to select out isolated statements in the evidence of a witness and put

Village of Lockport v. Licht.

them before the jury for the purpose of impeaching him, when other parts of his evidence, if admitted, would tend to clear up the apparent inconsistency and render his evidence harmonious and credible. The rule is that a party who seeks to introduce a part of a conversation or admission in evidence cannot complain if the opposite party seeks to put the whole of the conversation or admission before the jury. The part of the conversation or admission which makes for a party cannot be availed of and the part of his conversation, if any, which makes against his interest be excluded. C., R. I: & P. R. R. Co. v. Eininger, 114 Ill. 79; Butz v. Schwartz, 135 Ill. 180; Miller v. People, 216 Ill. 309.

It was next complained that instructions numbers 1 and 3 are erroneous. The criticism made upon instruction 1 is without merit. The instruction states a correct principle of law, and was properly applicable to the facts of this case. The objection to instruction number 3 is that it limits the duty of appellee to exercise reasonable care for his own safety to "the time of the alleged injury." We do not hold that this instruction is misleading and erroneous for that reason, but even if not entirely accurate, appellant has used similar expressions in instructions given for it, and cannot therefore complain of an error in an instruction when the same fault occurs in instructions for appellant.

Finding no error in this record, the judgment will be affirmed.

*Affirmed.*

Mr. Justice Dibell took no part in the decision of this case.