Earl Crow, Administrator of Estate of William Crow, Deceased, Appellant, v. Harold Blaser and Harry Blaser, Appellees.

Gen. No. 10,270.

Opinion filed October 14, 1948.
Released for publication November 2, 1948.

SIDNEY S. DEUTSCH, and H. J. McCASKRIN, both of Rock Island, for appellant.

EDWARD C. SCHOEDE, of Rock Island, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

One of the defendants, Harold Blaser, on the night of January 12, 1946, at about 12:30 a. m. was driving his father's Chevrolet car on Route 94 in Rock Island county, Illinois. The Blaser car collided with a car owned by William Crow. The Crow car had had tire trouble as it was being driven along in the same direction as the Blaser car. An attempt was made to push the car up to the top of the hill onto a driveway to the side of Route 94, which is a State paved highway. As Crow was pushing on his car from the rear, he was struck by the Blaser car and injured, so that two days later he died.

Earl Crow, administrator of the estate of William Crow, deceased, brought a suit in the circuit court of Rock Island county against Harold Blaser, the driver, and his father, Harry Blaser, the owner of the car, to recover damages for the death of William Crow, deceased. The plaintiff's complaint charged the defendant with numerous acts of negligence that caused the death of plaintiff's intestate, and alleged that William Crow, just prior to, and at the time he received his fatal injuries, was in the exercise of ordinary care and caution for his own safety. The defendants filed their answer, denying that William Crow, at the time in question, was in the exercise of ordinary care and caution for his own safety, denied that any negligence on the part of either of the defendants, in any way was the proximate cause of William Crow's injury, and alleged that the accident happened due to the negligence of William Crow himself.

The case was submitted to a jury, and at the close of plaintiff's evidence at the request of Harry Blaser, the

court instructed the jury to find him not guilty. At the close of all of the evidence, the jury found both defendants not guilty. The plaintiff entered a motion for a new trial, which was overruled. Judgment was entered on the verdict in favor of the defendants, and the plaintiff has perfected an appeal to this court.

The evidence establishes the fact that William Crow was having trouble with his car the night in question; that the road was covered with ice, and very slippery; that he had had considerable tire trouble that evening, —the last time near the top of the hill where the fatal accident occurred; that he had attempted to push the car off the road, but was having poor success, when Carroll Dunlap came from the opposite direction and asked him if he needed help, to which Crow replied that he could use some help in getting his car off the road. Two other parties were with Dunlap at the time. Dunlap pulled his car to the side of the road, and left the headlights burning, then they all attempted to push the Crow car off of the pavement into the driveway at the top of the hill. There is a divergence in the testimony of where Dunlap parked his car, and also how far the Crow car had been pushed into the driveway. While the car was being pushed into the driveway, and as Harold Blaser was approaching the Crow car, there was another car proceeding in the same direction a short distance ahead of him. With Blaser was a young lady by the name of Marjorie Sackville. Blaser noticed that as the car ahead of him got to the top of the hill, that it made a sudden turn to the left, and then as that car pulled in to the left, he observed the Crow car partly on the pavement, with Mr. Crow standing at the right rear corner, pushing the car; that he, Blaser, put on his brakes, but on account of the slippery condition of the road, he skidded into the car, hit Mr. Crow and injured him.

As the Blaser car and the one ahead of him approached to where the Crow car was standing, Carroll Dunlap and Merle Fisher, who were helping push the

Crow car, saw the two cars approaching, and ran across the highway, which proved to be a place of safety. Blaser and Miss Marjorie Sackville both testified that Mr. Crow looked around at them, as they approached, then continued to push the car.

It is first insisted that the trial court erred in permitting Harold Blaser to testify in this case, as the case was being prosecuted by the administrator of the estate of William Crow, deceased, and under the statute, he was an incompetent witness. Arthur Kolls, a former state policeman, was called as a witness by the plaintiff. He was called to the scene of the accident, and described what he found on this occasion. He then stated that at that time he saw Harold Blaser, one of the defendants in this case, and was then asked: "Did he have a conversation with Harold Blaser?" To which he replied: "Yes." "What did he say, if anything, and what did you say, if anything?" The attorney for the defendant objected to this question, and the objection was sustained. Mr. Deutsch, attorney for the plaintiff, inquired, "On what grounds?" To which the court replied: "Well, it opens the door for him to testify." Mr. Deutsch replied: "That is all right, let him answer." Mr. Kolls then proceeded to tell what Harold Blaser had told him how the accident occurred. Later Harold Blaser then was called to detail the full conversation that had occurred between the officer, Kolls, and himself at the time of the accident. This was given over the objection of the attorney for plaintiff. One of the exceptions under the Evidence Act is the fourth, which provides: "Where, in any such action, suit or proceeding, any witness, not a party to the record, or not a party in interest, or not an agent of such deceased person, shall, in behalf of any party to such action suit or proceeding, testify to any conversation or admission by an adverse party or party in interest, occurring before the death and in the absence of such deceased person, such adverse party or party

in interest may also testify to the same admission or conversation.''

We think this statute was clearly applicable to the facts in this case. The plaintiff, by first going into the conversation, and being warned by the court, that it would open up the whole matter of conversation, he said: ''Go ahead.'' From an examination of the evidence of Harold Blaser, the court was very careful to confine his testimony to the conversation that took place between Harold and the officer. This same question was before the court in *Butz v. Schwartz,* 135 Ill. 180; *Village of Lockport v. Licht,* 123 Ill. App. 426; *Calkins v. Calkins,* 220 Ill. 111, and numerous other cases where this question has been presented. The appellant has called our attention to *Combs v. Younge,* 281 Ill. App. 339, in which it is contended we laid down a different rule in regard to the admission of evidence under such circumstances, as in the present case. An examination of that case discloses it is wholly different from the one that we are now considering, and it has to deal entirely where the plaintiff calls the defendant as an adverse witness, and not as to any conversation that was had with the defendant with a disinterested person, prior to the death of the person injured. We think the evidence was properly admitted.

It is next insisted that the verdict of the jury is contrary to the evidence in the case. The case was submitted to a jury, and they had the advantage of seeing and hearing the witnesses testify, and were in a much better position than a court of review, to decide which witnesses were more worthy of belief. They have decided in favor of the defendants, and from reading the evidence abstracted, it is our conclusion that the evidence preponderates strongly in favor of the defendants, that the plaintiff's intestate was guilty of negligence that largely contributed to his fatal injury, and under the circumstances, the defendants used reasonable care to avoid the accident in question.

Complaint is made to numerous instructions given by the court for the defendants. We have examined them, and think on the whole, they fairly state the law relative to the case. Special criticism is leveled against defendants' Instruction No. 24, which is: ''The Court instructs the jury that if you find from a preponderance of the evidence and under the instructions of the court that the accident in question was due solely to the negligence of Carroll Dunlap and not through any negligence as charged on the part of the defendant, Harold Blaser, then in that event you should find your verdict in favor of the defendant and against the plaintiff.'' It will be recalled that Carroll Dunlap approached the Crow car, as it was having trouble at the top of the hill, and parked his car at the side of the road with his headlights on, shining in the direction that the Blaser car was approaching, and as Blaser told the officer he thought the car was being driven just before the accident occurred, and it was standing opposite where the accident occurred. There is considerable dispute as to where the Dunlap car was parked, but under the circumstances that existed in this case, we think the instruction was properly given to the jury, as it states that if the accident occurred solely through the negligence of Carroll Dunlap, and not through the negligence of the defendants, that the plaintiff cannot recover.

There is one criticism of the defendants' instructions that is well taken. That is, that eight of the defendants' given instructions close with the sentence, ''To find the defendant not guilty.'' Our courts have repeatedly condemned such practice, and in some cases have reversed a judgment on this ground alone. In the present case we do not feel justified in reversing the judgment, because in our opinion, as before stated, the evidence preponderates strongly in favor of the defendant. The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*