(No. 38452.—

LOUIS BOTH *et al.,* Apellees, *vs.* FRANK EMERY NELSON, Appellant.

*Opinion filed November 24, 1964.*

512

McFarland, Morgan & Stearns, of Chicago, (Len Young Smith, of counsel,) for appellant.

William Parker Ward and Edwin Walsh, both of Chicago, for appellees.

Mr. Chief Justice Klingbiel delivered the opinion of the court:

After a jury trial in the circuit court of Cook County the purported will of Sophia Both, deceased, was set aside on grounds of undue influence and mental incapacity. The decree was affirmed by the Appellate Court, (*Both* v. *Nelson,* 46 Ill. App. 2d 69), and we have granted the defendant's petition for leave to appeal. He contends, *inter alia,* that prejudicial error was committed in refusing to admit certain evidence and in denying certain tendered instructions. We agree.

The testatrix, a married woman 78 years of age, executed the instrument in question on October 16, 1957. By its terms she revoked a prior will and left her entire estate to the defendant, Frank Nelson, who was the husband of a deceased niece. The plaintiffs are beneficiaries under the prior will. Four days after executing the will in question the testatrix suffered a stroke and was taken to a hospital. Because of illness and old age she appeared unable to handle her affairs, and shortly after she entered the hospital proceedings were begun for the appointment of a conservator. From the hospital she was taken to a private home, where she resided until her death in 1959.

To show mental incapacity the plaintiffs called the hospital intern and the family physician, each of whom testified that at the time testatrix was in the hospital she was senile. The family physician stated that in the early part of 1957, when he treated her for a heart condition, her mental condition was poor and that thereafter it grew gradually worse.

When testatrix was in the hospital he saw her every day, and he testified that in his opinion she did not then have the ability to make a will. To show mental capacity the defendant called one of the attesting witnesses and also the two ladies who operated the home where testatrix spent the last years of her life. The latter two testified that the testatrix was then alert and sensible, read newspapers, talked intelligently, wrote and received letters, and knew what she was doing. They further expressed the opinion that she was sane and knew the nature of her estate and the natural objects of her bounty.

On the ground that no adequate foundation had been laid the court refused to permit the attesting witness to answer whether the testatrix appeared to be of sound and disposing mind and memory when the instrument was signed. After testifying to the appearance, comments, and behavior of the testatrix at the time she signed the will the witness was again asked his opinion on whether she was then of sound and disposing mind and memory, and objection was again sustained. Defendant's post-trial motion stated, *inter alia,* that important testimony was improperly kept from the jury. The motion was denied, and the Appellate Court's failure to hold this prejudicial is the first assignment of error argued by defendant.

In *Brownlie* v. *Brownlie,* 357 Ill. 117, this court held it was not error to permit the attesting witnesses to express an opinion of the testator's mental capacity without first laying a foundation therefor. We said the rule requiring a witness to first relate the facts and circumstances on which he bases his opinion does not apply to attesting witnesses. In the present case the Appellate Court recognized that excluding the opinion was error, but considered the ruling harmless in view of the witness's complete testimony about what he saw and heard at the time. In addition, the Appellate Court found that a number of instructions tendered by

defendant and refused by the trial court were proper ones, but here again it was concluded that no harm was done in refusing them since the instructions given to the jury were sufficient to inform it of the essential issues. Among the refused instructions is one stating that "while physicians are better qualified to testify to a diseased condition than are laymen, their testimony upon the subject of the mental capacity of an individual whom they have been privileged to observe is not entitled to any greater weight than that of laymen." This offered instruction is in the same language as a portion of this court's opinion in *Tyler* v. *Tyler*, 401 Ill. 435, and while that case was tried without a jury and did not involve instructions as such, it constitutes ample authority for the statement of law embodied in the one tendered here. It further appears that no similar instruction was given by the court, although the plaintiffs' witnesses on the question of mental capacity were both doctors and those of defendant were laymen.

Under the circumstances of this case we think the Appellate Court was mistaken in finding the trial free from prejudicial error. It is not every error, of course, that will require a reversal. Where it appears that an error did not affect the outcome below, or where the court can see from the entire record that no injury has been done, the judgment or decree will not be disturbed. (*Baker* v. *Baker*, 412 Ill. 511; *Lindroth* v. *Walgreen Co.* 407 Ill. 121; *Pease* v. *Kendall*, 391 Ill. 193.) But where the case is a close one on the facts, and the jury might have decided either way, any substantial error which might have tipped the scales in favor of the successful party calls for reversal. (*Edwards* v. *Hill-Thomas Lime & Cement Co.* 378 Ill. 180; *Chicago Burlington and Quincy Railroad Co.* v. *Warner*, 108 Ill. 538.) In *Grosh* v. *Acom*, 325 Ill. 474, 494, a will contest wherein error at the trial was held not to have been prejudicial, since the proof of testatrix's mental capacity was found to be more than ample in support of the verdict for proponents—

we stated the rule as follows: "Whether or not errors in a record in the matter of giving instructions or otherwise are reversible errors must necessarily depend upon the character and amount of proof in the record tending to support the finding and judgment of the court and the amount and character of the evidence *contra*."

The evidence in the case at bar, while it tends to show both mental incapacity and undue influence and is sufficient to support the present verdict, is not so conclusive as to render harmless errors of the present kind. The testimony of defendant's witnesses is in sharp conflict with that of the plaintiffs' on the question of mental capacity, and the case is such that the jury might have decided either way. It is evident that in this situation, excluding the opinion of the attesting witness may have affected the result. The same may be said of the refusal to instruct on the respective weight to be given doctors' and laymen's testimony on the subject. The instruction stated a correct rule of law not covered by any given instruction, and the refusal to give it constituted reversible error. Where a case is close on the facts, and its decision depends and must be determined upon conflicting testimony, the jury should be adequately and accurately instructed. *Edwards* v. *Hill-Thomas Lime & Cement Co.* 378 Ill. 180.

Other errors are alleged but they are of minor importance and need not be discussed. For the reasons stated the judgments of the Appellate Court and circuit court are reversed, and the cause is remanded to the circuit court of Cook County for a new trial.

*Reversed and remanded.*