Larry McElroy, Plaintiff-Appellee, v. Dovie Force, Adm. of the Estate of Harold Duane Robison, Deceased, Defendant-Appellant.

Gen. No. 65–44.

Fifth District.

October 13, 1966.

Rehearing denied November 9, 1966.

Burton C. Bernard and Joseph R. Davidson, of Granite City, for appellant.

Chapman, Strawn and Pratt, of Granite City (Paul L. Pratt, of counsel), for appellee.

EBERSPACHER, J.

Defendant administratrix appeals from a judgment for $21,000 entered against her after a trial by jury. This personal injury lawsuit arises from a one-car accident involving an automobile occupied by plaintiff and the defendant's son, who was killed.

Defendant has raised five points in her brief and we will consider them in the order raised.

█ The first contention is that there is insufficient evidence to support a finding that decedent Robison was driving his car at the time of the accident. The evidence shows that both McElroy and Robison owned cars which were available. They took Robison's car when they start-

ed out and Robison was driving at that time. They made a stop and after that Robison continued driving. There was no direct evidence as to who was driving after a second stop. The jury also had before them the evidence concerning the path of the car, the objects struck, the damage to the car and the final location of the car and the plaintiff and decedent after the crash, as well as the nature of plaintiff's injuries. Here there is proof, which, taken with its intendments most favorable to the plaintiff, supported by a fact from which a reasonable inference of the owner's being in control, would sustain the essential allegations that defendant's decedent drove.

■ ■ The second contention is that the giving of Plaintiff's Instruction #14 was reversible error. This instruction reads: "The Court instructs the jury that if you find from the preponderance of the evidence that at the time of the incident in question, Harold Duane Robison, deceased, was the owner of the Chevrolet automobile involved in the collision in question, then the presumption is that he was operating same at the time of the collision in question." The general proposition that, in the absence of any evidence to the contrary, ownership gives rise to a presumption that the owner was in control of the vehicle is correct. Robinson v. Workman, 9 Ill2d 420, 137 NE2d 804; Anderson v. Launer, 13 Ill App2d 530, 142 NE2d 838. But neither of these cases hold that proof of ownership creates a "presumption" of law as to who was driving a car about which the jury should be instructed. When the word "presumption" was used in those two cases, it clearly meant at the most, according to the issue confronted and the language employed, that proof of ownership makes out a "prima facie" case sufficient to support the verdict and that the burden of going forward with the evidence had shifted to the defendant.[1] In both the

---

[1] Accord, Howard v. Amerson, 236 Ill App 587, 592 (1925) (1st Dist) ("a prima facie case is nevertheless made out . . . and . . . the burden of proceeding with the evidence is shifted to the defend-

Anderson and Robinson cases there was substantial evidence, which, without the fact of ownership, would have supported the jury verdict. The fact that the presumption makes out a prima facie case upon which the plaintiff is entitled to recover, unless such prima facie case is overcome by testimony to the contrary, makes it incumbent upon the defendant to offer proof in opposition in the plaintiff's case. McCarty v. O. H. Yates & Co., Inc., supra. The presumption does not have the effect of shifting the burden of proof to the defendant to prove by a preponderance of the evidence that another person was driving, but only places upon him the burden of presenting or going forward with the evidence.

■ ■ We find no case where such an instruction has been given, and it is not in IPI. We note also that the instruction uses the word "presumption," without definition, or explanation of its meaning, and that it fails to state that the "presumption" is rebuttable. An instruction in the approximate format of IPI 50.07 and IPI 50.08 would have fairly presented the issue to the jury, instructing them that they might infer from the fact of defendant's ownership of the automobile that he was driving at the time of the occurrence, unless the inference was overcome by other believable evidence. If there is substantial evidence to the contrary, the presumption of the owner being in control, becomes the basis of an inference from which, with the circumstantial evidence, the jury could still determine that decedent was the driver. See 9 Wigmore, Evidence § 2491 et seq. It has been held that where the record contains countervailing evidence and conflicting presumptions, the presumption embraced in the instruction should not have been the subject of an

ant."); McCarty v. O. H. Yates & Co., Inc., 294 Ill App 474, 14 NE2d 254 (1938) (4th Dist) ("prima facie" case); Watt v. Yellow Cab Co., 347 Ill App 307, 308, 106 NE2d 760 (1952) (1st Dist) (proof of ownership makes out a "prima facie" case, the opinion referring also to "presumption").

instruction because the fact of decedent's ownership became, at the most, a fact from which the jury could infer that decedent was in control. See Brill v. Davajan, 51 Ill App2d 445, 201 NE2d 253, 255; Miller v. Pettengill, 392 Ill 117, 123, 63 NE2d 735. Rule 704, Model Code of Evidence and the comment on paragraph (2); 9 Wigmore, Evidence § 2493.

Despite the fact that the presumption is not conclusive, and can be rebutted, we do not consider it to be rebutted by a mere countervailing presumption. Here appellant has argued that since there is evidence in the record that decedent was sleepy when at the last stop before the accident, that the presumption of self-preservation comes into the case, to create the inference that for his own safety and that of plaintiff, he would not have driven his vehicle, but would have consented to plaintiff's driving, and that plaintiff's desire for self-preservation would have caused him to drive. Appellant further contends that evidence of the condition of the car, its final resting place, and the location of the plaintiff and the decedent immediately after the accident upon or along the highway, are circumstances which indicate that plaintiff was the driver. In our opinion these circumstances are inconclusive, and a resort to them to determine which of the two was driving is highly speculative. It has been said that the presumption of the owner driving can only be overcome by clear and convincing evidence to the contrary. Blashfield, Cyclopedia of Automobile Law and Practice, Vol 9B, § 6066, citing cases from jurisdiction other than Illinois. In the Minnesota case of Sprader v. Mueller, 265 Minn 111, 121 NW2d 176, the trial court charged the jury that as a matter of law they must find Mueller, the owner of the car, was the driver of his vehicle when the collision occurred. Mueller, the owner, could not recall who was driving subsequent to getting gas, and there was testimony that he had admitted driving at the time of the collision.

Both occupants were thrown from the car, and the only evidence was that they were found immediately after the accident, on the pavement in front of the Mueller car. Mueller testified that a shoe found near the left front door of his car was not his. On previous occasions Mueller had permitted the decedent Berg to drive the car.

On appeal, Mueller contended that this was a jury question. While the case was remanded on other grounds, as to this point, the Supreme Court of Minnesota said:

"In this state of the record we hold that it was not error for the trial court to hold that Mueller was the driver as a matter of law.

"We adopt the rule supported by the great weight of authority that where the owner is an occupant of his own vehicle at the time of an accident, it is prima facie evidence that he was the driver. (Citing cases.) Such circumstances create a rebuttable presumption that the owner was in control, and he has the burden of overcoming that presumption. In the absence of direct evidence because of death or amnesia, and where, as here, the circumstantial evidence is wholly inconclusive, it is the duty of the court to hold that the owner was the driver when the accident occurred."

■■ In view of the lack of substantial evidence that plaintiff was driving the car in question, we do not consider the giving of Plaintiff's Instruction 14, reversible error.

Next, defendant objects to Plaintiff's Instruction #9. Instruction #9 is IPI 20.01. The objection is to the form of denial. The instruction states: "Defendant denies that her intestate, Harold Duane Robison, was guilty of wanton and willful misconduct in doing the things claimed by plaintiff, and denies that the plaintiff was free of wanton or willful misconduct on his part." Defendant contends

447

this denial implies that Robison was driving. While the wording of the denial did not specifically advise the jury that defendant denied decedent was driving, it was as specific as the pleadings on this point. The notes on the use of this instruction in IPI state that the instruction, if tendered, must be modified to fit the allegations of the complaint and answer. The bracketed materials suggested in IPI 20.01 do not include a specific denial of decedent's driving, and while the notes suggest innovation in the use of the instruction, the suggestion is that such additional innovations "consistent with the pleadings" should be used whenever required. The complaint alleged that plaintiff was a guest passenger in a vehicle operated by decedent and that decedent "willfully and wantonly drove" the motor vehicle; the answer simply denied each and every allegation of the complaint. An examination of the record indicates that the jury was fully advised through the opening statements and final arguments that there was a dispute as to whether plaintiff or decedent was the driver; defendant arguing that the evidence of the location of decedent's body and the location of plaintiff, both of whom were thrown from the car, and the fact that the right front door was closed while the left front door was open, supported his position that plaintiff was driving, while plaintiff argued that this evidence, with other evidence, supported the contention that decedent was driving. Plaintiff tendered himself as a witness, but was not allowed to testify due to defendant's objection, and there being no eyewitnesses as to which of the two was driving after the second stop, the record contains only circumstantial evidence and the presumption as to who was driving at the time of the accident. While the instruction is lacking in positiveness as to the contentions of the parties with reference to who was driving, in view of the pleadings, the giving of this instruction was not reversible error.

■ Defendant next contends that the trial court committed reversible error in refusing to admit careful habit evidence about defendant's intestate while accepting it for the plaintiff. It has long been the rule that in death cases where there are no eyewitnesses evidence of careful habits of the deceased is admissible as a circumstance tending to prove due care. Casey v. Chicago Rys. Co., 269 Ill 386, 109 NE 984. Admitting evidence of careful habits in death cases is a concession to the difficulty of proving due care by other means in the absence of eyewitnesses, Petro v. Hines, 299 Ill 236, 132 NE 462. The language in Campbell v. Ragel, 7 Ill App2d 301, 129 NE2d 451, indicates that this rule should extend to cases where, instead of death, plaintiff suffered amnesia and hence would be unable to testify. The same logic applies to extend it to this case where the only eyewitness is the plaintiff who is barred from testifying by the defendant under section 2 of the Evidence Act.

■ However, the personal representative of the decedent should not be barred from presenting testimony of decedent's careful habits, by his objecting to the only surviving eyewitness's testimony under section 2 of the Evidence Act. An able discussion of this principle is found in Nordman v. Carlson, 291 Ill App 438, 441 to 444, 10 NE2d 53, 54, 55, and in which the court said at page 444, 291 Ill App, page 55, 10 NE2d:

> "Counsel for defendant in tendering the defendant himself as an eyewitness did not, within the meaning of the authorities, tender a competent witness and when it developed upon the hearing that the defendant was the only surviving eyewitness and the plaintiff did not desire to avail herself of the privilege of using him for a witness the trial court did not err in ruling that the habits of the deceased might be shown."

449

While the Nordman case was a wrongful death case, in which a plaintiff was allowed to present careful habit evidence, we consider the reasoning applicable in a case in which the plaintiff is the sole surviving eyewitness, and is barred by the Evidence Act from testifying.

Several legal authors have suggested that the Illinois rule is that careful driving habit evidence is only admissible on behalf of plaintiffs and then only in wrongful death cases.[2] We do not agree that the cases have so limited the rule to either plaintiffs or wrongful death cases, or the combination of the two. While the difficulty in presenting evidence to maintain the burden of proof of freedom from contributory negligence is ascribed as a "hardship," justifying the use of careful habit evidence on behalf of plaintiffs in a wrongful death case; under the facts in the case at bar there is "hardship" also on this defendant. Although she has no burden of proof, she has a burden of going forward with the evidence. There is no competent witness to prove defendant's intestate was free from willful and wanton misconduct which involves two issues, both of which are alleged in the pleadings; whether he was driving, and if so the nature of his conduct. If defendant is to succeed, since the alleged driver is dead, and there are no competent eyewitnesses, her only defense is limited to argument that the plaintiff has failed to maintain his burden of proof. Research fails to explain why in a no-eyewitness case habit evidence should be rejected concerning the conduct of a driver if he be the defendant or the defendant's intestate, at least when in the same case such evidence is properly admitted on behalf of the plaintiff. The law appears clear that habit evidence is not necessary to take the issue of plaintiff's due care to the jury. The observation that the plaintiff

[2] Gard: Ill Evidence Manual 1963, Comment under Rule 104; Illinois Pattern Jury Instructions, Notes to Use, and Comments under 10.08; Cleary, Handbook of Illinois Evidence 1963, § 12.14.

has the burden of proof to produce evidence has been, at least in recent years, without significance in justifying the admission of habit evidence on the issue of due care in a no-eyewitness death case.[3]

In Driessens v. Verkruyse, 46 Ill App2d 87, 196 NE2d 353, the trial court permitted the defendant whose retrograde amnesia prevented him from testifying about the accident to testify about his careful habits. The trial court also permitted four witnesses to testify about the defendant's careful habits. The Appellate Court reversed because there were competent eyewitnesses, indicating that otherwise the habit evidence would have been properly received. A careful reading of the case discloses that the language suggesting that evidence of careful habits of the defendant might be admissible, is purely dicta. From the authorities above referred to, we conclude that in a situation such as is presented in the present case, evidence of careful habits from which it could be inferred either that decedent was not driving, or if driving, the manner in which he drove, would violate no principle established by judicial authority in this state. However, in this case, the evidence of wanton misconduct on the part of the driver regardless of whether it was plaintiff or decedent, is so conclusive, that careful habit evidence on the part of the driver, whomever the jury might determine it to be, is of the merest consequence. We therefore consider that defendant was not prejudiced by the refusal to permit careful habit evidence about decedent, while accepting such evidence for plaintiff.

---

[3] Compare Casey v. Chicago Rys. Co., 269 Ill 386, 390, 109 NE 984 (1915) with Ruspantini v. Steffeck, 414 Ill 70, 74 (1953); Campbell v. Ragel, 7 Ill App2d 301, 304, 129 NE2d 451 (1955) (4th Dist); Bennis v. Chicago Transit Authority, 33 Ill App2d 334, 339, 179 NE2d 421 (1961) (1st Dist). See also 1 Wigmore Evidence, §§ 65 and 97; and Model Code of Evidence, Rule 307 (Language of rule does not limit to plaintiffs or wrongful death action, although example used is wrongful death situation).

■ The final objection is to the references to defense counsel in plaintiff's argument. It is improper to refer to defense counsel as the defendant, and to refer to defense counsel's wealth or control of wealth, and as the person who must respond in damages. There were numerous statements which should not have been made.

The court suggests to plaintiff's counsel that a brief in the Appellate Court is not improved, nor does it aid the court in its deliberations, by the inclusion therein of intemperate, personal criticism of opposing counsel, and references not supported by the record, to insurance and an insurance carrier.

■ We do not consider this case to be particularly close on the facts and an examination of the entire record indicates that the trial was as free from error as is ordinarily the case. The verdict was well justified by the evidence, and there is no showing of actual prejudice to the defendant by reason of any errors which occurred, nor do we find that their cumulative effect leads us to the conclusion that defendant was deprived of a fair trial, and accordingly affirm the judgment of the Circuit Court of Madison County.

Judgment affirmed.

GOLDENHERSH and MORAN, JJ., concur.