Nellie Logue, Administrator of the Estate of Edward Logue, Deceased, and Nellie Logue, Plaintiffs-Appellants, v. Lela Williams, Defendant-Appellee.

Gen. No. 67–130.

Fifth District.

July 29, 1969.

Rehearing denied August 26, 1969.

MORAN, J., dissenting.

Murray & Stephens, of Centralia (William C. Stephens and George C. Lackey, of counsel), for appellants.

James B. Wham, Wham & Wham, of Centralia, for appellee.

EBERSPACHER, J.

This is a wrongful death action brought in the Circuit Court of Marion County, Illinois. The plaintiff alleged in her complaint that her decedent's death was caused by the negligence of the defendant in driving her automobile. The jury returned a verdict for the defendant upon which the Court entered judgment. This appeal is taken from such judgment.

The plaintiff alleges multiple errors by the Court: That the Court erred in denying the plaintiff's motion to sever Count I and Count II for trial, that the Court erred in denying the plaintiff's motion to dismiss Count II of the Complaint without prejudice, that the jury was improperly instructed, that the Court improperly admitted and excluded certain evidence, and that the conduct of the defendant's attorney was prejudicial. The allegations of error will be considered in the same sequence as they are presented by the plaintiff.

The first allegation of error by the plaintiff is that the Court erred in denying the plaintiff's motion to sever Count I and Count II for trial. It appears that the Complaint filed by the plaintiff contained two counts. Count I was brought by Nellie Logue as Administrator of the estate of Edward Logue and sought damages for wrongful death. Count II was brought by Nellie Logue individually and sought medical and funeral expenses under the Family Expense Statute, § 15, c 68, Ill Rev Stats. On the day of the trial the plaintiff made an oral motion to sever Count I and Count II for trial. The Court denied the motion.

The plaintiff bases her argument on section 51 of the Civil Practice Act which provides, "An action may be severed, and actions pending in the same court may be consolidated, as an aid to convenience, whenever it can be done without prejudice to a substantial right." The plaintiff argues that in Count II that the plaintiff was not the representative of a deceased person and that accordingly, the defendant would have been competent to testify as to this count under section 2 of the Evidence Act, c 51, Ill Rev Stats. The plaintiff's argument continues that such a trial of both counts together would have seriously prejudiced the plaintiff since it would have been impossible for a jury to consider the defendant's testimony as to Count II and to disregard it as to Count

331

I, regardless of how carefully it might have been instructed.

■■ We note that the plaintiff filed her Complaint on December 29, 1966, and no motion was made to sever until the date of the trial on June 21, 1967. The plaintiff's decision to sue both individually and in her administrative capacity, of course, was of her own doing and a motion to sever issues for trial is addressed to the sound discretion of the trial judge. Blachek v. City Ice and Fuel Co., 311 Ill App 1, 72 NE2d 220 (1947); Mount v. Dusing, 414 Ill 361, 111 NE2d 502 (1953). We do not feel that the Court abused its discretion, particularly in light of the late date of the plaintiff's motion to sever.

Upon the Court's denial of the plaintiff's motion to sever, the plaintiff moved to dismiss Count II of the Complaint. The motion was granted by the Court and the jury was selected. After the selection of the jury but before opening statements, apparently a discrepancy arose as to whether Count II had been dismissed with or without prejudice, and upon the Court's own motion the motion was recalled and the Court ruled that it would not dismiss Count II without prejudice. Thereupon an Order was entered dismissing Count II with prejudice.

The plaintiff alleges that the Court erred in this regard and cites for our consideration section 52 of the Civil Practice Act; section 52, subsection 1 provides in part, "the plaintiff may at any time before trial or hearing begins upon notice to each party who has appeared or his attorney, and upon payment of costs dismiss his action or any part thereof as to any defendant without prejudice, by order filed in the cause."

■■ If a plaintiff is desirous of dismissing a count of a multiple-count complaint at the moment of trial, it is incumbent upon him to correctly and adequately inform the Court and the opposing parties whether his motion is to dismiss with or without prejudice, particularly if it is an oral motion without the notice required

by the Civil Practice Act and under such circumstances as are presented in this case; the Court properly denied the Motion To Dismiss without prejudice after selection of the jury since the trial had actually begun. Wilhite v. Agbayani, 2 Ill App2d 29, 118 NE2d 440 (1954).

With regard to the plaintiff's allegation that the jury was improperly instructed, the plaintiff alleges that four instructions tendered by the defendant and given by the Court were erroneous. The first instruction objected to by the plaintiff is defendant's instruction No. 17, which is an IPI instruction as to section 175, c 95½, Ill Rev Stats, which requires a pedestrian to walk on the left side of the roadway.

The evidence as to the actual collision is sketchy inasmuch as the defendant was precluded from testifying as an incompetent by virtue of the Evidence Act. However, it is clear that the defendant was proceeding south on a rural road and the plaintiff's decedent was a pedestrian. Just prior to the collision the plaintiff's decedent was observed standing in the middle of the road. The basis of the plaintiff's argument is that the plaintiff's decedent was struck on the east side of the road by the defendant who was proceeding south. The evidence revealed that the defendant's automobile came to rest on the east side of the road and that the plaintiff's decedent was pinned beneath the automobile. The plaintiff's argument continues that the plaintiff's decedent was actually in less danger from the defendant on the right side than on the left side of the road because the defendant was required to drive on her right and that if the defendant had kept to the right side of the road, the plaintiff's decedent would have suffered no harm.

■■■ The plaintiff's argument overlooks the fact that there was no direct evidence that Mr. Logue was on the right side of the road, but in fact, all of the inferences are that the plaintiff's decedent was standing in the middle of the road when struck. We believe that there

was sufficient evidence from which the jury could draw the inference that the plaintiff's decedent violated the Statute by not walking on the left side and in doing so was guilty of negligence which proximately contributed to his injuries and death.

■ The next allegedly erroneous instruction was IPI Instruction No. 3.01 and was given by the trial judge. The instruction provides:

> "The credibility of a witness may be attacked by introducing evidence that on some former occasion he made statements inconsistent with his testimony in this case on a matter material to the issues. Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness."

The plaintiff's objection to this particular instruction is that only one witness was sought to be impeached by prior inconsistent statements. The plaintiff argues that the defendant at best did no more than lay a foundation for the introduction of such prior statements and that the witness was equivocal in his answer as to whether he made the previous statements and that it was, therefore, incumbent upon the defendant to introduce evidence of the prior statements if she desired to impeach the witness's testimony. From our examination of the record we find that the witness was sought to be impeached by prior inconsistent statements that he made during a discovery deposition. We further note that the witness, when asked if he had made the prior inconsistent statement, answered quite unequivocally, "I made the statement." It was therefore not necessary to introduce evidence of that prior statement and accordingly, the instruction was proper and correctly given under the circumstances.

■ The plaintiff next alleges that a "sudden emergency" instruction given by the Court, Defendant's No.

4, was erroneous. Although IPI § 12.02 (1961) recommended that the instruction not be given, the identical instruction was given in Culp v. Olive, 45 Ill App2d 396, 195 NE2d 729 (1964) and there held to be harmless error, the Court saying:

> "We are fully aware of the thinking of the committee which prepared IPI. The principle giving rise to their recommendation that such an instruction not be given is, 'It states a simple and obvious fact about human behavior' . . . 'when no juror would need to be reminded of the proposition.' If this reasoning is adopted, and if this matter is the proper subject of comment on final argument as suggested by the committee, then we fail to see how plaintiff was prejudiced by the giving of the instruction. We do not disagree with the recommendation of the committee but are of the opinion that under the factual situation here presented the error was harmless. Modern tendency favors a liberal application of the harmless error doctrine to instructions when it appears the rights of the complaining party have in no way been prejudiced."

The instruction has been held erroneous in numerous pedestrian cases: Reese v. Buhl, 16 Ill App2d 13, 147 NE 2d 431; Randal v. Deka, 10 Ill App2d 10, 134 NE2d 36; Moore v. Daydif, 7 Ill App2d 534, 130 NE2d 119, and in some situations the giving of this instruction of itself may be reversible error. The 1965 revision of IPI took into consideration the holding in Culp v. Olive, supra, "where the event was a split-second collision," and repeated the recommendation that no instruction be given "either on the duty of one in imminent peril or the responsibility of the person causing the perilous situation." In the face of such admonition, the instruction should not have been given.

■ The last instruction objected to by the plaintiff is Defendant's No. 3, which is not in IPI and which was;

"The Court instructs the jury that you should not consider the questions of damages in this case until you have first determined whether or not the defendant is liable for the loss and damage claimed by the plaintiff, and if you find from the evidence and under the instructions of the court that the defendant is not liable to the plaintiff, then you have no occasion at all to consider the question of damages. The fact that the court has given you instructions on the subject of plaintiff's damages, if any, or that defendant's counsel has discussed such subject is not to be taken by you as any intimation on the part of the court or any admission on the part of the defendant that the defendant is liable for the loss or damage complained of by the plaintiff."

This identical instruction was discussed by the Court in Hoffman v. Wilson, 60 Ill App2d 396, 308 NE2d 607 (1965). The Court there found no error in the giving of the instruction. Although it may be logical for a jury to determine the question of liability first, there is no requirement that they do so. The instruction tells them twice that the question of damages cannot be considered until the question of liability is determined; it creates the impression that the court has reservations about defendant's liability and singles out and unduly emphasizes that issue. It is subject to the criticism of being negative in nature—telling the jury not to do something. It is not in IPI and is neither simple, brief, impartial nor free from argument; much of the substance of it is included in IPI, Revision of 1965, 1.01 and 21.07. As a result, the giving of Defendant's No. 3 did not comply with Supreme Court Rule 239, and it should not have been given.

While we hold the giving of both Defendant's No. 4 and 3 was error, our review, of all the instructions given, and the supporting evidence, leads us to the conclusion that plaintiff was not prejudiced by the instructions given.

■ The plaintiff next alleges error in the Court's receiving evidence of careful habits in favor of the defendant. This Court has previously ruled that such evidence is admissible. McElroy v. Force, 75 Ill App2d 441, 220 NE2d 761 (1966). We see no valid distinction between this case and the facts presented in McElroy. Furthermore, only a general objection was made to the testimony of the first of three careful habit witnesses of defendant. See Shepard v. City of Aurora, 5 Ill App2d 12, 26, 124 NE2d 584, 590.

■ ■ The remaining allegations of error by the plaintiff concern the admission or exclusion of evidence by the Court. The first concerns testimony adduced which related to a conversation between the defendant and a witness. As stated above, by virtue of Section 2 of the Evidence Act, the defendant was incompetent to testify on her own motion as to anything that occurred before the plaintiff's decedent's death. During the plaintiff's case, the plaintiff called a witness who testified that the defendant stated to him just after the incident, "I have just hit a man, a boy or something, down the road and they are pinned under my car because I can hear them hollering." Later the defendant testified in rebuttal as to her recollection as to her conversation with the particular witness. The plaintiff found the exculpatory portions of the conversation as related by the defendant to be objectionable and objected to the admission of the defendant's recollection of the conversation.

The plaintiff acknowledges the applicability of paragraph 4 of section 2 of c 51, Ill Rev Stats, which provides:

337

"Where, in any such action, suit or proceeding, any witness, not a party to the record, or not a party in interest, or not an agent of such deceased person, shall, in behalf of any party to such action, suit or proceeding, testify to any conversation or admission by any adverse party or party in interest, occurring before the death and in the absence of such deceased person, such adverse party or party in interest may also testify as to the same admission or conversation;"

but urges that the defendant exceeded the bounds of such exception. There is no doubt that the plaintiff was attempting to obtain all of the advantage of the inculpatory statements made by the defendant to the exclusion of the exculpatory statements contained in the same conversation. In our opinion this is the precise reason that this particular section of the Statutes is broad enough to allow the incompetent witness to testify as to the entire conversation and the circumstances surrounding it, including the proper context in which portions of the conversation are taken. Crow v. Blasser, 335 Ill App 281, 81 NE2d 742 (1948). In our opinion the Court not only correctly permitted the defendant to testify as to the full conversation but would have committed reversible error if such evidence had been excluded.

The plaintiff's second contention as to erroneous testimony relates to the alleged prejudicial error of the defendant's attorney repeatedly asking improper questions to which objections have been sustained. The plaintiff's allegations of repeated improper questioning is not borne out by the record. From our examination of the record as directed to us by the plaintiff, we find three questions that were asked upon which objections were sustained by the Court. We further note that the content of each of the questions was different. If indeed the questions were improper, such conduct was not repeated, nor prejudicial, nor error.

338

■ ■ The third complaint of testimony, the admission of which the plaintiff finds objectionable, concerns the testimony of a witness who was permitted to testify that some four hours after the incident he smelled alcohol in the vomit of the plaintiff's decedent. The plaintiff argues that there was improper foundation for such testimony. We believe that the testimony that the witness had been in contact with persons who had been drinking and could distinguish the smell of liquor was sufficient foundation. The further objection to such testimony by the plaintiff on the grounds that no attempt was made to connect up such testimony to show that the plaintiff's decedent was intoxicated at the time of the incident is also without merit. There was sufficient independent evidence other than this particular witness to indicate that the plaintiff's decedent had been consuming alcoholic beverages on the night of the incident. Such evidence was proper and a valid circumstance to be considered by the jury in determining the liability of the parties.

■ The fourth objection of the plaintiff relates to the exclusion of statements of the decedent made in the ambulance on the way to the hospital following the collision, outside the presence of defendant. Plaintiff argues that the statements were so connected with the incident and of such spontaneity that their exclusion by the Court was erroneous. We note that the Court sustained the objection of the defendant to the evidence and that no offer of proof was made by the plaintiff and that the Court was therefore offered no opportunity to know what the witness's answer would have been if he had been permitted to testify. Accordingly, there is nothing before this Court to show the competence or materiality of the answer which would have been made to the question. Paden v. Rockford Palace Furniture Co., 220 Ill App 534.

The last allegation of objectionable testimony admitted by the Court to which the plaintiff assigns error relates to the cross-examination of certain plaintiff's witness and the direct examination of certain defendant witnesses as to specific instances of drunkenness of the plaintiff's decedent on various occasions prior to collision which caused the death of the decedent.

 Upon examination of portions of the record to which our attention has been directed by both the plaintiff and the defendant, we find a multitude of testimony as to the plaintiff's decedent's habit of intemperance and specific instances of insobriety. Much of the testimony was received at the instance of the plaintiff; the remaining, of course, at the instance of the defendant, either through cross-examination or by direct evidence. As to that portion received at the instance of the defendant, some was received over objection and some without objection. Looking alone at the evidence that was received at the instance of the plaintiff and that to which there was no objection, we feel that it was pretty well established that the decedent was a man of intemperate habit. Plaintiff put into issue decedent's habits of sobriety, thrift and industry, and by plaintiff's given instruction No. 9, IPI 31.01.04 revised, instructed that such habits were factors for consideration in determining the pecuniary loss to the widow and children. Under such circumstances the evidence adduced by defendant, including specific instances of intemperance, and to which plaintiff now objects, was cumulative. Therefore, without ruling as to each particular portion of such testimony we do not conclude that plaintiff was particularly prejudiced by its admission. See Wigmore on Evidence, 3rd ed, § 202.

In Both v. Nelson, 31 Ill2d 511, 514, 202 NE2d 494, the Supreme Court said: "It is not every error, of course, that will require a reversal. Where it appears that an

error did not affect the outcome below, or where the Court can see from the entire record that no injury has been done, the judgment or decree will not be disturbed." (Citing cases.)

For the foregoing reasons, the judgment of the Circuit Court of Marion County shall be affirmed.

Judgment affirmed.

GOLDENHERSH, J., concurs.

MORAN, J., dissenting:

In Littlefield v. Alton & So. Railroad, 96 Ill App2d 470, 239 NE2d 147, this court said at 482:

> ". . . Under the circumstances, we cannot say that 'the record affirmatively shows that the error was not prejudicial' as required by Duffy v. Cortesi (supra) or as stated in Both v. Nelson, supra, that the error did not tip the scales in defendant's favor. We conclude, therefore, that the error requires reversal of the judgment and remandment for a new trial."

In the present case I fail to see how this court can say that the record affirmatively shows that the error committed by the trial court was not prejudicial.