In re Estate of Edward F. Shellaberger, Incompetent. Walter B. Shellaberger, Appellee, v. Merchants National Bank of Aurora, Appellant.

Gen. No. 10,122.

Opinion filed February 14, 1947. Rehearing denied April 14, 1947. Released for publication April 15, 1947.

REID & OCHSENSCHLAGER, of Aurora, for appellant; FRANK R. REID, JR. and ROBERT E. DOLPH, both of Aurora, of counsel.

ECKHART, KLEIN, McSWAIN & CAMPBELL, of Chicago, for appellee; W. A. McSWAIN and M. A. PALUMBO, both of Chicago, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

This is an appeal from an order of the circuit court of DeKalb county, denying a motion made by the Merchants National Bank of Aurora, as conservator of Rosa R. Shellaberger, to dismiss an appeal of Walter B. Shellaberger. The county court of DeKalb county, on the 19th day of September 1945, adjudged Rosa R. Shellaberger an incompetent, and appointed the bank conservator of her estate. On April 2, 1946, a nunc pro tunc order was entered amending the order

of appointment. On the same day, the court denied a motion of Walter B. Shellaberger to correct the record therein. It is from these orders that Walter B. Shellaberger has attempted an appeal to the circuit court of said county. An appeal bond was filed within the statutory period governing appeals, but the costs, as provided by statute, were not paid within the statutory period.

May 13, 1946, the Merchants National Bank of Aurora entered its special and limited appearance for the purpose of their motion only, and moved to dismiss the appeal because said appeals were not perfected in the manner required by statute, in that the fees and costs of the appeals were not paid within 20 days after the entry of said orders by the county court.

On June 3, 1946, the circuit court denied the motion to dismiss the appeal. It is from this order that an appeal has been perfected to this court. Briefs have been submitted by both the appellant and appellee in regard to the merits of the controversy, and the case was orally argued before the court. After a full discussion of the merits of the appeal, we have decided that there is no final appealable order entered in the circuit court in this case. This case is similar to *Miller v. Bunn*, 336 Ill. 203, where it is stated: "No final decree was entered in the case from which an appeal is authorized to be taken. The order overruling the demurrer was not a final order or judgment. It recites defendants stood by their demurrer. They refused to answer the bill, and the court was authorized to enter a final decree but did not do so. The only order or decree rendered was one overruling the demurrer, but no final disposition of the bill was made by any order. Overruling the demurrer left the bill standing without any answer to it. Such an order was not a final disposition of the case and an appeal will not lie from such a decree."

In the *People v. Village of Niles Center,* 306 Ill. 145, we find the following: "The right of appeal is created by statute, and in the absence of a statute permitting an appeal from an interlocutory order, such an order can be viewed only on an appeal from the final judgment in the case. A judgment is final only when it terminates the litigation between the parties on the merits of the case." *Klemtner v. City of Chicago,* 356 Ill. 185; *People v. Curtis,* 341 Ill. 628. It is stated in *Walsh v. Walsh,* 319 Ill. App. 253: "Where, in partition proceedings, trial court overruled defendant's motion to strike supplemental and amended complaint and counterclaim, and ordered defendant to answer such complaint and counterclaim, such order was in effect the same as overruling a demurrer, and hence such order was not final or appealable, and appeal from such order would be dismissed." A judgment or decree is final and reviewable when it terminates the litigation on the merits of the case and determines the rights of the parties. One of the essential elements of finality of a decree is that if affirmed the only thing remaining to do is to proceed to its execution. If the order is not final, the appeal should be dismissed by the Appellate Court, as the court is without jurisdiction to dispose of the matter on its merits. *Almon v. American Carloading Corp.,* 380 Ill. 524. In the case of *Steward v. Parsons,* 112 Ill. App. 611, this court held that overruling a motion to dismiss a complaint is not a final and appealable order, and the right to appeal can only be exercised, as provided by the statute.

The order appealed from in this case is not a final and appealable order, and in the absence of such an order, this court cannot assume jurisdiction of the appeal, as it is prematurely brought. It is our duty to dismiss such an appeal on our own motion, even where the question of jurisdiction is not raised by any of the parties to the suit. The appeal is therefore dismissed.

*Appeal dismissed.*