(No. 44478.—

SIDNEY SCHATZ *et al.,* Appellants, v. ABBOTT LABOR-ATORIES, INC., Appellees.

*Opinion filed March 30, 1972.*

JOHN F. GRADY, of Waukegan, for appellants.

CONZELMAN, SCHULTZ, O'MEARA & SNARSKI, of Waukegan (MURRAY R. CONZELMAN, of counsel), for appellees.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In this case, filed in the circuit court of Lake County, plaintiffs seek to recover damages for loss of use and enjoyment of a residence and for damages suffered by a movie theatre business as the result of noxious odors emitted from defendant's manufacturing plant in North Chicago. The circuit court, after a bench trial, entered judgments in the amount of $3,750 in favor of plaintiffs Sidney Schatz and Lois Schatz, for the loss of use of their residence, and in favor of plaintiffs Sidney Schatz and Frances Klein in the amount of $15,000 for damages sustained to their theatre business. Defendant, Abbott Laboratories, Inc., appealed, and the Appellate Court for the Second District reversed the judgment in favor of the plaintiffs Schatz and remanded their case for further proceedings, and reversed outright the judgment in favor of the plaintiffs Schatz and Klein (*Schatz v. Abbott Laboratories, Inc. (Ill.App. 1971), 269 N.E.2d 308*). We allowed plaintiffs' petition for leave to appeal. The facts are accurately stated in the opinion of the appellate court and will be restated here only to the extent necessary to this opinion.

Prior to discussion of the substantive issues it is necessary to decide a question of procedure. Defendant contends that this court may not review the appellate court's reversal of the judgment in favor of the plaintiffs

Schatz, and the remandment of their cause, for the reason that the petition for leave to appeal seeks to appeal only from the reversal of the judgment in favor of plaintiffs Schatz and Klein and does not petition for leave to appeal from the reversal and remandment of the Schatz judgment. Defendant argues that under our Rule 318 (43 Ill.2d R. 318) only an appellee, respondent or co-party may seek relief other than that prayed in the petition for leave to appeal.

The Schatzes contend that under Rule 318(a) they may seek review of the appellate court's ruling in this proceeding. Our Rule 366(a) (43 Ill.2d R. 366(a)) provides that "In all appeals the reviewing court may, in its discretion, on such terms as it deems just, *** (5) give any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief, including a remandment, a partial reversal, the order of a partial new trial, the entry of a remittitur, or the issuance of execution, that the case may require." Upon this record we are able to and deem it desirable to make a complete adjudication of the issues and, therefore, all claims of error will be reviewed in this proceeding.

We consider next the matter of the reversal of the judgment and remandment of the cause involving damages sought by the plaintiffs Schatz. The record shows that offensive odors emanating from defendant's plant seriously affected the use and enjoyment of their home, that Mrs. Schatz suffered unpleasant effects, on occasion was required to leave her home overnight and stay with relatives, and that the offensive odors interfered with their entertainment of friends and guests. It is plaintiffs' contention that the trial court properly awarded damages for their loss of use and enjoyment of their home and that the appellate court erred in holding the judgment must be reversed on the ground that the trial court included in the amount awarded sums for expenditures which are not supported by the evidence. It is defendant's position that the trial

court erred in including in the judgment the items discussed by the appellate court, and erred further in awarding damages to cover a seven-year period when it should have considered only the five-year period immediately preceding the filing of the suit.

This court, in *Illinois Central R.R. Co. v. Grabill (1869), 50 Ill. 241,* laid down the rule that when premises are occupied by the owner who suffers injury by reason of a nuisance, the measure of damages is the injury and annoyance of the plaintiff while occupying the premises and the amount recoverable "cannot be gauged by any definite rule." (50 Ill. 241, 246.) In *Fairbank Co. v. Nicolai (1897), 167 Ill. 242,* the court held that when the owner has resided on the property during the period when it was damaged by a nuisance his damages are measured by his discomfort and the deprivation of the healthful use and comforts of his home. (See also *Racine v. Catholic Bishop of Chicago (1937), 290 Ill.App. 284; Cook v. City of Du Quoin (1930), 256 Ill.App. 452.)* Even assuming that the trial court, as argued by defendant, improperly considered expenditures made by plaintiffs for insulation and air conditioning of their home, the evidence properly before the court was sufficient to sustain the judgment. We hold, therefore, that the appellate court erred in reversing the judgment in the amount of $3,750 entered in favor of the plaintiffs Schatz.

We consider now the reversal of the judgment in favor of the plaintiffs Schatz and Klein. The appellate court found that although there was evidence adduced "which would sustain a finding that noxious odors entered the building and caused unpleasant conditions," there was no evidence of the cost of the extraordinary operation of the ventilating and air conditioning system which plaintiffs claim and no evidence of loss of profits. The appellate court went on to say:

"Damages for a tortious injury of a regular and established business is [*sic*] measured by the

loss of profits. *Meyer v. Buckman, 7 Ill.App.2d 385, 129 N.E.2d 603.* The diminution of gross income is not a measure of loss of profits or injury to business. 25 C.J.S. Damages, sec. 90(b), 978; 22 Am. Jur. 2d 253, Damages, 178. The actual receipts in evidence cannot be measured in terms of lost profits in the absence of evidence showing the costs of doing business.

"Again, there is no evidence of the profits in years when no tort conduct was operative. Thus, we have no standard by which to determine what profit the going business might be expected to produce absent interference."

The trial court, in its findings of fact, said that "the business operation was required to make refunds on frequent occasions during those years, sometimes of a limited nature and sometimes involving many patrons," and that "their normal business expected was substantially reduced whenever these odors were present," and its conclusions are amply supported by the evidence.

*Barnett v. Caldwell Furniture Co. (1917), 277 Ill. 286,* cited by the appellate court in *Meyer v. Buckman (1955), 7 Ill.App.2d 385,* upon which opinion the appellate court apparently relied in this case, involved a breach of an employment contract which provided that the employee was to receive 6% of the price of the merchandise he sold. The employer contended that the proof of damages based on proof of earnings before his discharge was speculative and conjectural. We do not interpret the opinion to hold that evidence of prior profits is the *sine qua non* of proof of damages suffered by a business enterprise. The significant holding found in the opinion is stated at page 289, as follows: "It is perhaps true that absolute certainty as to the amount of loss or damage in such cases is unattainable, but that is not required to justify a recovery. All the law requires is that it be approximated by competent proof. That proof of the exact amount of loss is impossible will

not justify refusing compensation. If that were the law, contracts of the kind here involved could be violated with impunity. All the law requires in cases of this character is that the evidence shall with a fair degree of probability tend to establish a basis for the assessment of damages."

The evidence of injury suffered by the theatre business furnishes a sufficient basis for the damages assessed by the trial court. The record of gross receipts shows a steady decline from a high of $69,328.65 in 1959 to a low of $44,557.90 in 1967. The testimony shows substantial decreases in the price of admission tickets in an effort to achieve greater attendance. Schatz testified that this decline in attendance occurred in a period when theatre attendance all over the country was on the increase. He stated that the cost of operating the theatre was fixed and did not vary according to the number of persons in attendance.

Where, as here, plaintiffs' damages flow from a loss of business, the amount of compensation should be the same whether the cause be a breach of contract, negligence or nuisance. In *Distillers Distributing Corp. v. J. C. Millett Co. (9th cir. 1962), 310 F.2d 162,* which involved a breach of contract, the court held that although net profits (and not gross profits) are ordinarily the proper measure of recovery, where operating expenses are fixed, gross profits may properly be considered in assessing damages. The testimony shows that the only increase in operating expenses resulting from greater attendance would be the additional sums payable for the rental of films shown at the theatre, the cost of which is determined by a percentage of gross receipts. Offsetting this, to some extent, is the anticipated increase of sales of refreshments which are shown to be greater when larger numbers of people are in attendance. The record, in our opinion, meets the requirements of *Barnett v. Caldwell Furniture Co., 277 Ill. 286, 289,* that "the evidence shall with a fair

degree of probability tend to establish a basis for the assessment of damages."

The rule that the findings of the trial court sitting without a jury will not be disturbed unless manifestly erroneous, so firmly established as to require no citation of authorities, is applicable to an assessment of damages. From our examination of the record we conclude that the judgment is supported by sufficient evidence and should not be disturbed.

For the reasons stated, the judgments of the appellate court are reversed, and the judgments of the circuit court of Lake County are affirmed.

*Appellate court reversed;*
*circuit court affirmed.*