(No. 45425.

*In re* ESTATE OF JOSEPH BARBERA.—(The Northern Trust Company of Chicago, Exr., Appellant, v. Earl E. Friedlander, Appellee.)

*Opinion filed October 1, 1973.*

HINSHAW, CULBERTSON, MOELMANN, HOBAN & FULLER, of Chicago (THOMAS J. WEITHERS, DAVID L. FARGO and WILLIAM R. KUCERA, of counsel), for appellant.

IRA D. SCHULTZ, of Chicago (SIDNEY Z. KARASIK, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, The Northern Trust Company of Chicago, executor of the estate of Joseph Barbera, deceased,

appealed to the appellate court from the judgment of the circuit court of Cook County entered in the citation proceeding in which it sought an accounting from Earle E. Friedlander, the surviving partner of the law partnership of which the testator was a member. The appellate court affirmed (7 Ill. App. 3d 169) and we granted leave to appeal. The facts are adequately set forth in the opinion of the appellate court and we need only state here that the testator, Barbera, and the respondent were law partners for approximately 25 years in a practice limited to personal injury and workmen's compensation cases and that at the time of Barbera's death their firm had 741 open files, in all of which matters they were employed on a contingent-fee basis. Respondent handled the pending matters to conclusion and in this litigation petitioner sought an accounting of the fees received, and of the partnership capital account.

Petitioner contends that the majority opinion of the appellate court fails to apply "even the most elementary principles of law relating to fiduciaries and effectively destroys all principles of their accountability." It argues that the respondent, as the surviving partner who liquidated the partnership practice, was a trustee for the estate of his deceased partner; that the trial court erroneously refused to require him to account for moneys received; that petitioner was required to incur expenses for accounting fees to "reconstruct an account from such records as were supplied" by respondent, and that it is entitled to recover from respondent those expenses, attorney's fees, interest and costs; and that the trial court and the majority of the appellate court not only approved his failure to keep "clear distinct and accurate records of his trust" but "resolved all doubts in his favor." It contends that it is entitled to judgment in the amount of $266,699.88, or alternatively that one half of the sum allowed respondent for his services in winding up the partnership estate be assessed against the deceased's interest, and judgment be

entered here in the amount of $223,266.25. It is the respondent's position that the estate of the deceased partner had no right to participate in attorney fees earned in cases in which the partnership was employed on contingent-fee contracts except for the services which he had performed on those cases, and that the trial and appellate courts held respondent "to the highest possible standards of accountability and found that he completely fulfilled his obligations thereunder." He argues that the evidence shows that a partnership inventory was promptly filed and the partnership funds "frozen"; that the books and records were kept in the same manner both prior and subsequent to Barbera's death; that the apportionment of overhead, and the allowance of compensation to respondent as the surviving partner were proper; that the expenditures made by petitioner for an accounting were needless and unwarranted, and that the testimony of its accountant shows that the partnership accounts were properly kept.

We consider first respondent's contention that the estate was not entitled to participate in the fees received for services performed under contingent-fee contracts except for the services expended by the testator on the cases. The testimony shows that in the cases in question the clients retained the partnership, there is no evidence that the clients terminated the contracts with the partnership and employed respondent individually, and upon examination of the authorities and commentaries (see Drinkwater "Legal Ethics" (1953); ABA Code of Professional Conduct; 78 A.L.R.2d 280; 33 A.L.R.3d 1375; *Rowe v. Sears Roebuck & Co. (7th Cir.), 132 F.2d 829*; 58 Ill. Bar J. 216; The Death of a Lawyer, 56 Colum. L. Rev. 606), we conclude that the contingent fees were an asset of the partnership in which the estate was entitled to participate. Section 18(f) of the Uniform Partnership Act (Ill. Rev. Stat., ch. 106½, par. 18(f)), in providing for reasonable compensation to the surviving partner for his services in winding up the partnership affairs, affords the

means of compensating the survivor for the additional work occasioned by the death of his partner.

We consider next petitioner's contention that the circuit court failed to hold respondent to proper standards of accountability in winding up the partnership practice after Barbera's death. It was respondent's duty to account for all transactions involving the assets of the partnership. (Ill. Rev. Stat., ch. 106½, par. 21; *Altschuler v. Altschuler, 410 Ill. 169.*) The record shows that respondent filed a partnership inventory, kept records from which could be separately identified all transactions involving the partnership files, the testator's personal files and respondent's files opened after Barbera's death, and that he made all records available to petitioner for inspection and accounting. With respect to the petitioner's contentions that respondent failed to keep adequate time records, the evidence shows beyond question that the partnership practice consisted entirely of personal injury and workmen's compensation cases and that no time records were ever kept. We find no authority which persuades us that the respondent, under the circumstances shown in this record, was required to alter the system under which the partnership had operated for some 25 years. The differences in the respondent's exhibits showing receipts and disbursements, and the figures contained in the exhibits prepared by petitioner's accountant are minimal, and under these circumstances we do not agree with petitioner that respondent failed to discharge his duty to properly account for partnership assets.

Although we have held that respondent did not fail to properly account for partnership assets, we are of the opinion that the trial court erred in its findings with respect to the allocation of overhead expense. The testimony shows that respondent continued in the same type of practice and that in each year during the period in question he opened approximately the same number of law and compensation files as had the partnership during

the 5 years preceding Barbera's death. There is no evidence from which it can be determined which items of overhead related to partnership, as distinguished from respondent's cases opened since Barbera's death, and no testimony upon which to base an allocation of the overhead between the partnership cases and respondent's new cases during that period. There is, however, proof that the partnership overhead during the 5-year period preceding Barbera's death (see 7 Ill. App. 3d 169, at 177) averaged almost 60% of gross receipts and this evidence supports an overhead allowance of 60% (see *Schatz v. Abbott Laboratories, Inc., 51 Ill.2d 143, 147*) as the appropriate factor, rather than the percentages allowed by the trial court. We find without merit respondent's contention that, of necessity, more time and overhead were expended on the partnership cases than on his new business, because, as we have noted, the record shows the same volume of files, and there is no evidence that allocation of time and expense between new and old business differed from that which prevailed during the period when the 60% overhead was experienced.

The circuit court allowed respondent overhead in the amount of $362,008.01 (7 Ill. App. 3d 169, 172), which we hold to be excessive. It is not disputed that the total fees collected were $445,601.53 and upon application of a 60% factor the proper allowance for overhead was $267,360.92. Upon allowance to respondent of the compensation which the trial court found to be reasonable and reimbursement of costs advanced on cases on appeal (7 Ill. App. 3d 169, 172) there remains due the estate of the deceased partner, in addition to one half the capital account ($40,819.72), one half of the net profits of $84,405.72 ($42,202.86), being in the aggregate $83,022.58.

Because this case has been in litigation for approximately 6 years, we do not remand, and in accordance with our Rule 366 the judgments of the circuit and appellate courts are vacated and judgment is entered in favor of

petitioner, the Northern Trust Company of Chicago, as executor of the estate of Joseph Barbera, deceased, and against the respondent, Earle E. Friedlander, in the amount of $83,022.58. In accordance with the provisions of section 24 of "An Act to revise the law in relation to costs" (Ill. Rev. Stat. 1971, ch. 33, par. 24) it is ordered that each party pay one half the costs in the appellate and Supreme Court.

*Judgments vacated, with judgment here.*