CHESTER O. HALE *et al.*, Plaintiffs-Appellees, *v.* LULA L. AULT *et al.*, Defendants-Appellants.

(No. 74-102;

Third District—November 14, 1974.

Richard Whitman, of Kritzer, Stansell & Critser, of Monmouth, for appellants.

Dan A. Ribble, of Long & Schrager Assoc., of East Moline, for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Warren County in a forcible entry and detainer suit ordering that plaintiffs, Chester O. Hale and Genevieve A. Hale, were entitled to recover possession of a farm located in Warren County from defendants, Lula L. Ault and Russell F. Ault. Two issues are presented on appeal, i.e., (1) does the court have jurisdiction to hear this appeal? and (2) was the trial court correct in finding that plaintiffs were entitled to possession in the forcible entry and detainer action?

From the record it appears that a Mr. Sands became the owner of the farm lands involved in this action sometime prior to October 2, 1970, but lost title to the property in a bankruptcy proceeding. People named Coffman purchased the premises at the sale conducted by the Trustee in Bankruptcy. They entered into an agreement with Sands by the terms of which the Coffmans agreed to sell the land to Sands on a contract based on payment of semi-annual installments. The title to the land was to be transferred when the purchase price was paid. Time was of the essence and the contract could be forfeited at the option of the vendors upon default of the vendees. No method of forfeiture was specified in the contract.

It appears that Sands was unable to make the payments due July 1, 1971 and January 1, 1972, and that he remained in possession of the premises until May 5, 1972, when he assigned the contract to the Hales. The Coffmans accepted the assignment and promised to convey to the Hales by warranty deed upon receipt of an amount certain at 7% interest. The amount of interest was reduced from 9% for which Sands had become obligated under his contract. It is not clear from the record as to whether the Hales were subject to the same installment schedule as Sands had been. The Hales made no payments and were unable to obtain financing. In the hearing on the cause, the trial court was not certain whether the Hales were actually in default, for the reason that the evidence was not clear as to whether the Hales were required to pay in semi-annual installments. On August 21, 1973, the Coffmans sent, by registered mail, a notice to the Hales stating that the Hales were in default and giving them 30 days from the 21st day of August to become current or that the Coffmans would cause a forfeiture to be made. On September 25, 1973, when no payments had been received by the Coffmans, they sent the Hales a notice of forfeiture. Four days thereafter, the Coffmans conveyed the premises to the Aults by warranty deed.

The Hales had been in possession and had arranged for the planting of crops. While they maintained their residence in Moline, Illinois, they were frequently on the farm and performed repair work thereon. On

October 1, 1972, the Aults entered onto the premises without any notice or consent of the Hales and began to harvest the crops planted by Chester Hale. Thereafter, plaintiffs brought the forcible entry and detainer action against the Aults. As noted, the possession taken by the Aults was without the consent of the Hales and against their express objections. In April, 1974, the Hales tendered the past-due amount to the Aults who refused to accept the tender. In May 1974, the Hales brought a forcible entry and detainer action as against the Aults. The trial judge found in favor of the Hales as against the Aults, and this appeal ensued.

A primary issue before the court is whether it has jurisdiction to hear this appeal. Prior to the time that this cause came on for consideration on appeal, on July 5, 1974, plaintiffs-appellees Hales filed a motion to dismiss the appeal in this court. Objections were filed to such motion and the motion to amend a notice of appeal was filed by defendants-appellants, the Aults. At that time, this court had no opportunity to examine the briefs and abstract of record. As a matter of fact, the brief of appellant was filed on July 5 and the brief of the appellees Hales was filed on August 30, 1974. This court, on July 23, 1974, had entered an order granting leave to appellant to amend the notice of appeal, and the motion to dismiss the appeal was then denied. In the brief of appellees Hales, the issue of the jurisdiction of this court to hear the appeal is again raised, and upon review of the record in this cause this court has determined that its previous order had been entered improvidently, and that this court should now reconsider the issue relating to jurisdiction and the notice of appeal on the basis of adequate information now furnished by the parties to the cause. The order of July 23, 1974, allowing leave to amend the notice of appeal by appellants and denying the motion of appellees to dismiss the appeal is vacated.

As indicated in the course of this opinion, the Hales appellees contend that this court lacks jurisdiction to hear this appeal for the reason that appellants Aults are attempting to appeal from a memorandum opinion and not from a final judgment. The record on appeal filed in this cause discloses that on November 30, 1973, the defendants Aults filed a post-trial motion in the trial court and that a hearing was held on such motion on February 7, 1974, at which time the court took the motion under advisement. The trial court filed a memorandum opinion and in that memorandum opinion requested that an order be prepared for entry in the case. On February 17, 1974, the Aults-defendants filed their notice of appeal stating that they wished to appeal from the "judgment in this case in favor of plaintiffs Chester O. Hale and Genevieve A. Hale, entered February 8, 1974." No order was in fact entered on February 8,

1974, and a final order, as requested by the court, was first entered on March 11, 1974.

It is thus evident that when the order of the trial court was entered denying defendants' post-trial motion, defendants had already filed their notice of appeal which related to a judgment which was not then in existence. Plaintiffs contend that since the notice of appeal does not refer to an appealable judgment or order, an appeal based upon such notice is predicated upon non-existent jurisdiction. (*People v. Curtis*, 341 Ill. 628.) It is also contended by plaintiffs that this appeal should be dismissed even if plaintiffs had not brought the question before the court. (See *In re Estate of Shellaberger*, 331 Ill.App. 1, 4, 72 N.E.2d 220.) As indicated, on February 8, 1974, there was no judgment entered in the trial court.

Plaintiffs contend that the court lacked jurisdiction to hear the appeal and that defendants request to amend came too late. Defendants conceded that the notice of appeal was from a non-appealable order and that defendants intentionally filed a notice of appeal prematurely. The time for filing a proper notice of appeal began to run on March 11, 1974, when the final order was entered. As we have indicated, defendants amended notice of appeal was filed on July 9, 1974. Plaintiffs contend that the motion to dismiss the appeal should have been allowed and the motion has been renewed by plaintiffs, and, upon reconsideration by this court, this court has determined that the motion to dismiss the appeal should be granted, and now in fact concludes that such appeal should have been and should now be dismissed. (See *People v. Deaton*, 16 Ill.App.3d 748, 306 N.E.2d 695, emphasizing appeal notice *after* judgment.) It is also rather obscurely contended by appellants Aults that the effect of filing the notice of appeal waived their post-trial motion and made final the trial court's "original judgment." This apparently refers to the judgment referred to in the notice of appeal of February 8, 1974. Since no such judgment was entered and a final order was first entered on March 11, 1974, it was obvious that this argument was unavailing.

■■ We recognize that Supreme Court Rule 301 (Ill. Rev. Stat. 1973, ch. 110A, par. 301) makes the filing of a notice of appeal jurisdictional. As the issue is now presented to this court upon review of the entire record, it appears that even under Supreme Court Rule 303(c)(4) (Ill. Rev. Stat. 1973, ch. 110A, par. 303(c)(4)), an amendment may not be made to avoid notice of appeal by an order entered after the date of filing of such notice of appeal. We agree with the contention of plaintiffs that to grant such amendment would be tantamount to allowing defendants to confer jurisdiction upon the court where none had

existed before. Amendments would normally relate back to the time of the filing of the notice of appeal. If appellants were allowed to cause their amendment to the notice of appeal to include the order of March 11, 1974, such amendment would in fact not relate back to the notice of appeal which was filed on February 17, 1974, which referred only to a judgment supposedly entered on February 8, 1974. Obviously, the rule permitting an amended notice of appeal under Supreme Court Rule 303(c)(4) was designed to permit correction of omissions from the notice of appeal and not to allow the correction or implementation of a notice of appeal which, by a defendant's own admission, had been intentionally filed prematurely. As plaintiffs contend, to allow amendment of such notice of appeal in this court would amount to sanctioning the filing of a notice of appeal at any time during the proceedings at the trial level. This could lead to strange results not contemplated in the Supreme Court Rules and not consistent with the basic premise that a filing of a notice of appeal is jurisdictional.

■■ We should note also that if the original notice of appeal was designed to refer to the memorandum opinion of the trial court which was dated on February 8, 1974, it would still not be helpful since a memorandum opinion alone is not a final order or judgment. The memorandum opinion simply requested that an order be prepared and the judgment was not entered until such order was in fact prepared and filed. In this case, it was on March 11, 1974.

Defendant cites the case of *Kubala v. Dudlow*, 17 Ill.App.2d 463, 150 N.E.2d 643, as a precedent for allowing the delayed notice of appeal in the instant case. In the *Kubala* case, however, the trial court on August 13, 1957, allowed defendant's motion to strike and dismiss. On September 20, 1957, plaintiffs filed their notice of appeal. Plaintiffs, in that case, having chosen to stand upon their complaint, the trial court entered a judgment on October 31, 1957. Then, well within the time limit then fixed for filing a notice of appeal, plaintiffs filed an amended notice of appeal from the order of October 31, 1957, the date upon which the judgment was entered. The appellate court ruled that it would treat the amended notice of appeal as the original notice and ignore the abortive notice of September 20, 1957. This resulted because plaintiffs had filed their amended notice of appeal within the time allowed for the filing of the original notice of appeal.

■■ In the cause before us, the appellants did not seek to file an amended notice of appeal until long after the period for filing had expired. As a result, therefore, in this case, we conclude that this court, to prevent confusion and to follow consistently the precedents and the

Supreme Court Rule, should in fact dismiss the appeal of defendants-appellants.

The appeal of defendants in this cause is, therefore, dismissed for the reasons stated herein.

Appeal dismissed.

STOUDER and DIXON, JJ., concur.