HARVEY HERMAN, Plaintiff-Appellant, v. MICHAEL J. HAMBLET et al., Defendants-Appellees.

First District (4th Division)    No. 79-392

Opinion filed January 31, 1980.

Gordon James Arnett, of Chicago (Tim Biasiello, of counsel), for appellant.

Peter C. John, of Phelan, Pope & John, of Chicago, for appellees.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The plaintiff filed a suit against the defendants Michael J. Hamblet, the law firm of Herrick, McNeill, McElroy & Peregrine (hereinafter Herrick), Thomas H. Miner and two AMH Corporations (hereinafter AMH), alleging many claims for recovery. Hamblet and Herrick moved to strike the complaint and for judgment on the pleadings on the ground that the plaintiff had signed a general release. The trial court granted the motion for judgment on the pleadings and dismissed the complaint as to Hamblet and Herrick. Later the action was dismissed as to the remaining defendants.

We find that we have no jurisdiction to consider the appeal from the second order of dismissal because that appeal was not timely filed. As to Hamblet and Herrick, we find that the plaintiff's multitudinous contentions on appeal as to the ownership of stock, the authenticity of the last page of the release, the form of the motion on the pleadings, the use of a lie detector test, and the entry of an order contradicting a statement of the judge at the hearing are either irrelevant or without merit. We also find that the complaint was properly dismissed because it improperly purported to allege multiple causes of action in a single count.

The plaintiff in his complaint, which will be discussed in greater detail later, alleged various claims arising out of conduct preceding and following the signing by the plaintiff of a settlement agreement dated February 11, 1975. Among them were certain claims against Hamblet and against Herrick, the law firm in which Hamblet was a partner. Hamblet allegedly at one time had been the plaintiff's attorney but later during the

period in question represented AMH in the negotiations with the plaintiff. Hamblet and Herrick moved for judgment on the pleadings on the grounds that the claims were barred by a release and that they were not responsible for any breaches of the settlement agreement by AMH and Miner. In the same motion they also moved for dismissal because, *inter alia*, the complaint purported to state seven causes of action against multiple defendants in the same count. Attached to this motion was the nine-page settlement agreement. Each page of the agreement was initialled by the plaintiff. Plaintiff's signature appears on page eight of the agreement. Paragraph six on page five of the agreement reads as follows:

> "6. The Hermans agree to and do hereby release, unconditionally remise and forever discharge both said AMH Corporations, their officers, directors, shareholders, employees, agents and attorneys, whether individually or in their corporate capacities, and the affiliates, successors and assigns of the said AMH Corporations and the said AMH Corporations on behalf of themselves, their agents, officers, employees, directors, affiliates, successors and assigns, agree to and do hereby release, unconditionally remise and forever discharge the Hermans, their heirs and administrators from all claims, demands, causes of action, rights and obligations of every kind, whether liquidated or unliquidated, in law or in equity, under the common law or by statute, in their own right or by derivative right, which they now have or may have against each other, including, but not by way of limitation, those arising in any way out of their employment relationship or ownership of shares of stock in either AMH Corporations or other business relations to the date of this Agreement, all such matters having been fully compromised and settled. It is expressly agreed that the foregoing is intended as a General Release of any or all existing accrued claims or causes of action between or against the said parties, but not of any claims or causes of action which may arise by virtue of any breach or failure to perform the still executory provisions of this Agreement."

While the attorneys are not referred to by name in paragraph six, paragraph five reads in part "The Hermans represent * * * that all claims * * * have been fully disclosed to the present officers and directors of the said AMH Corporations or their attorneys, Herrick, McNeill, McElroy & Peregrine * * *."

At the hearing on the motion the plaintiff contended that the ninth page of the agreement attached to the motion was a forgery and that his initials on that page were also forged. He claimed that the correct last page was signed by Frazier for the corporation and not by Anderson as was the copy submitted to the court. This contention apparently was

fueled by the fact that Anderson had been made president of the corporations without plaintiff's knowledge although plaintiff was a major stockholder. It was stipulated that the initials on the first eight pages were the plaintiff's and the plaintiff apparently did not contend that he was not bound by those pages. Because the plaintiff contended that page nine and the initials on it were forged, the court ordered that the page be submitted to a handwriting expert and that the plaintiff submit to a lie detector test. The plaintiff made no objection at the time. The handwriting expert concluded that the initials appearing on page nine were by the same person who initialled the first eight pages. The lie detector test was inconclusive. The court then entered judgment on the pleadings for the defendant attorneys and also dismissed the complaint as to them on July 12, 1978. The order was made final and appealable. The plaintiff then moved for a rehearing and that motion was denied on September 13, 1978, by an order which was made final and appealable as provided by Supreme Court Rule 304(a). (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a).) The plaintiff appealed on October 12, 1978.

On November 29, 1978, the suit against the remaining defendants was dismissed. On January 4, 1979, the plaintiff filed an amendment to the October 12, 1978, notice of appeal adding the defendants dismissed by the November 29, 1978, order. No other notice of appeal from the November order was filed. The defendants' motion to strike the amendment was denied by the trial court on February 23, 1979.

## I.

■■ This court has no jurisdiction to review the November 29 order since the appeal was not timely filed. The timely filing of a notice of appeal is jurisdictional. (*Sabath v. Mansfield* (1978), 60 Ill. App. 2d 1008, 377 N.E.2d 161; *Danaher v. Knightsbridge Co.* (1978), 56 Ill. App. 3d 977, 372 N.E.2d 862, *appeal denied* (1978), 71 Ill. 2d 602; *Johnson v. Coleman* (1977), 47 Ill. App. 3d 671, 365 N.E.2d 102, *appeal denied* (1977), 66 Ill. 2d 630; *Huber v. Maggio* (1975), 31 Ill. App. 3d 624, 333 N.E.2d 270; *Hale v. Ault* (1974), 24 Ill. App. 3d 10, 321 N.E.2d 151, *appeal denied* (1975), 58 Ill. 2d 593.) Supreme Court Rule 303(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a)) provides that an appeal must be taken within 30 days. This meant that the plaintiff was required to appeal from the November order by Friday, December 29, 1978. This the plaintiff did not do. Nor did he file a motion in this court for an extension of time. (Ill. Rev. Stat. 1977, ch. 110A, par. 303(e).) While it is true that the trial court denied the motion to strike the amendment, the trial court had no power to extend the time in which an appeal could be filed. *Huber v. Maggio* (1975), 31 Ill. App. 3d 624, 333 N.E.2d 270.

■■ The plaintiff attempted to appeal by filing, after expiration of the

time for filing of a notice of appeal, an amendment to his October 12 notice of appeal. While an appellant may amend a notice of appeal (Ill. Rev. Stat. 1977, ch. 110A, par. 303(c)(4)), such an amendment may not be used to avoid the requirement that a subsequent order be timely appealed. To allow such amendment would be tantamount to allowing the appellant to confer jurisdiction upon the court where none existed before. (*Hale v. Ault* (1974), 24 Ill. App. 3d 10, 321 N.E.2d 151, *appeal denied* (1975), 58 Ill. 2d 593.) Moreover, an amendment to a notice of appeal relates back to the time of the filing of the notice of appeal. (Ill. Rev. Stat. 1977, ch. 110A, par. 303(c)(4); *Hale v. Ault* (1974), 24 Ill. App. 3d 10, 321 N.E.2d 151, *appeal denied* (1975), 58 Ill. 2d 593.) But if we were to allow the amendment here, it could not relate back to the notice of appeal since the November 29 order did not exist when the appeal was taken. (*Hale v. Ault* (1974), 24 Ill. App. 3d 10, 321 N.E.2d 151, *appeal denied* (1975), 58 Ill. 2d 593.) Accordingly, the appeal of the order dismissing the suit against AMH and Miner must be dismissed.

## II.

The plaintiff's appeal from the judgment against Hamblet and Herrick is, of course, properly before this court. It appears that the only issues raised in plaintiff's principal brief are: that the release did not release the plaintiff's ownership of stock; that the motion was improper as combining a section 45 (Ill. Rev. Stat. 1977, ch. 110, par. 45), and section 48 (Ill. Rev. Stat. 1977, ch. 110, par. 48), motion; that the motion for judgment on the pleadings was defective since it did not state how the complaint was insufficient; that in making the motion the defendants, in effect, admitted the fact stated in plaintiff's affidavit that the last page of the agreement was fraudulently substituted for the page signed by the plaintiff; that the court erred in signing an order dismissing the case as against Hamblet and Herrick when the court had just stated that there would be a ruling against those same defendants; that the plaintiff was deprived of equal protection by the judge's order requiring that he take a lie detector test and he was prejudiced in the introduction of the test results into evidence; that no test was taken by the handwriting expert of the original page nine of the agreement; and that the determination of the expert that the initials on page nine of the agreement in evidence were the plaintiff's did not determine the real issue which was whether the page nine signed by Anderson as president rather than the page signed by Fraser was the authentic page nine.[1]

---

[1] The plaintiff did attempt to raise some other issues in his reply brief. This however is improper. Supreme Court Rule 341(e)(7) (Ill. Rev. Stat. 1977, ch. 110A, par. 341(e)(7)) clearly provides that points not argued in appellant's initial brief are waived and shall not be raised in the reply brief or in oral argument. Accordingly we will limit our consideration to the issues enumerated above.

It would appear that the plaintiff is correct when he contends that the settlement agreement acknowledged his ownership of the stock and did not release that ownership. But the issues of the ownership of the stock and its conversion are issues which must be litigated between the plaintiff and AMH and Miner. The plaintiff does not argue in his brief that he has any claims against Hamblet and Herrick for the stock or suggest how they could be held liable for it.

■■ It would also appear that the plaintiff is correct when he contends that the section 45 motion and section 48 motion (misnamed a motion for judgment on the pleadings) should not have been joined in the same motion. In *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605, the supreme court held that the joinder of a section 45 motion and a motion for summary judgment was erroneous since the one motion was based on the issue whether the pleading was sufficient and the other almost necessarily assumes that it is. The court pointed out that the motion seemed to be predicated on the assumption that there exists a hybrid procedure whereby a defendant may challenge the legal sufficiency of the complaint and at the same time answer it and demand judgment on the merits. The Civil Practice Act, on the contrary, establishes two distinct procedures. The court therefore stated that the defendant should have first challenged the legal sufficiency of the complaint and when, and only when, a sufficient legal cause of action had been stated should the court have entertained a motion for summary judgment. However, the joinder of such motions is not grounds for reversal per se. (See *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605, where court did not reverse for joinder but considered the issues.) Even where error is shown, a case will not be reversed absent a showing of prejudice. (*O'Brien v. Walker* (1977), 49 Ill. App. 3d 940, 364 N.E.2d 533, *appeal denied* (1977), 66 Ill. 2d 631; *Kincl v. Hycel, Inc.* (1977), 56 Ill. App. 3d 772, 372 N.E.2d 385, *appeal denied* (1978), 71 Ill. 2d 603.) The plaintiff has failed to show how he has suffered any prejudice as a result of the joinder.

· The plaintiff's third contention is that the motion for judgment on the pleadings was defective since it did not state how the complaint was insufficient. It is clear from the motion that the so-called motion on the pleadings was in reality a section 48 motion raising the issue of release. (See Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(f).) Obviously, for such a motion it is irrelevant whether the plaintiff's pleading was defective or not.

The plaintiff has made various contentions regarding the validity of page nine of the settlement agreement which was attached to the motion and examined by the expert. However, in light of the fact that the plaintiff conceded the authenticity of the first seven pages which he

initialled and of page eight which he signed, we fail to see how the controversy is relevant. The plaintiff did not in his brief on appeal seek to have the total settlement agreement set aside for fraud; to the contrary, he sought a declaration that the settlement agreement recited the plaintiff's ownership of the stock and was not a release of the stock ownership. And since the plaintiff has conceded the authenticity of page five of the agreement, which page he specifically initialled, and has not argued on appeal that the whole agreement should be set aside, he clearly is bound by the release appearing on page five.

The plaintiff's objection to the lie detector test is untimely since he failed to make an objection at the time the order was entered. *Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 366 N.E.2d 327, *appeal denied* (1977), 66 Ill. 2d 639; *Sramek v. Logan* (1976), 36 Ill. App. 3d 471, 344 N.E.2d 47, *appeal denied* (1976), 63 Ill. 2d 563; 2 Ill. L. & Prac. *Appeal and Error* §211 (1953).

It is clear from the record as a whole that while by a slip of the tongue, the judge said he would grant judgment against the law firm, he intended a judgment in favor of the law firm. Moreover, the plaintiff failed to raise this contention in his petition for rehearing. If plaintiff believed the judge had entered a written order inconsistent with his real intention, then he should have first raised the issue with that judge so the judge could have corrected the error.

### III.

■ In addition, the plaintiff's complaint was properly dismissed because it improperly purported to allege multiple causes of action in a single count. (*Brainerd v. First Lake County National Bank* (1969), 109 Ill. App. 2d 251, 248 N.E.2d 542; *Randall Dairy Co. v. Pevely Dairy Co.* (1935), 278 Ill. App. 350.) Count I of the complaint (the only count before this court as the plaintiff has not appealed the dismissal of count II), consisted of 53 paragraphs. In these paragraphs the plaintiff alleged against all five defendants, jointly or severally, such claims as conflict of interest on Hamblet's part in acting for both parties, conspiracy in encouraging plaintiff to enter into the settlement agreement although the parties had no intention of abiding by the terms of the agreement, failure to perform the executory portions of the agreement, interference with the plaintiff's business or contractual relationship, ownership of the stock in question and burglary. While section 43(1) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 43(1)) does permit the joinder of multiple causes of action, each cause of action must still be separately designated and numbered (Ill. Rev. Stat. 1977, ch. 110, pars. 33(2), 43(1)).

Although the defendants' motion to strike specifically pointed out this defect, the plaintiff never sought to amend the complaint to eliminate the

defect; to the contrary, his only proposal after the complaint was dismissed was to amend the complaint to add the law firm on the grounds of fraud. Nor did the plaintiff in his brief on appeal ask that the case be remanded to permit him to file a proper complaint.

For the reasons previously set forth the appeal from the November 29, 1978, order is dismissed, and the judgment in favor of the remaining defendants is affirmed.

Order dismissed; judgment affirmed.

LINN, P. J., and JIGANTI, J., concur.